UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-365-FDW
(3:04-cr-83-FDW-DCK-1)

| | |
|---|---|
| RODDIE PHILLIP DUMAS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

Petitioner filed the instant Motion to Vacate on June 12, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:04-cr-83. Petitioner filed a previous Motion to Vacate the same conviction and sentence on June 13, 2008, and the Court dismissed the Motion to Vacate on August 11, 2008. See (3:08cv270, Doc. Nos. 1, 2; 3:04-cr-83, Doc. Nos. 71, 72). Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:04-cr-83.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus,

1

Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this second or successive petition must be dismissed.[1] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a second or successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

---

[1] The Court further notes that the petition is untimely because it was filed more than one year after Petitioner's conviction became final. See 28 U.S.C. § 2255(f). Petitioner contends that his petition is timely because it was filed within one year of the Supreme Court's decision in DePierre v. United States, 131 S.Ct. 2225 (2011). See 28 U.S.C. § 2255(f)(3) (providing a one-year statute of limitation to file a Section 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Petitioner's timeliness contention is without merit, however, as there is no indication that the Supreme Court has made DePierre retroactive to cases on collateral review. See United States v. Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012).

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: October 9, 2012

Frank D. Whitney
United States District Judge